Sally B. McMinimee (5316)
Jared N. Parrish (11743)
**PRINCE, YEATES & GELDZAHLER**
A Professional Corporation
City Centre I, Suite 900
175 East 400 South
Salt Lake City, UT 84111
Telephone: (801) 524-1000

*Attorneys for Receiver Robert G. Wing*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **ROBERT G. WING**, as Receiver for **VESCOR CAPITAL CORP.**, a Nevada corporation, **VESCOR CAPITAL, INC.**, a Nevada corporation, **VESCORP CAPITAL, LLC**, a Nevada limited liability company, **VESCORP CAPITAL IV-A, LLC**, a Nevada limited liability company, and **VESCORP CAPITAL IV-M, LLC**, a Nevada limited liability company, and all affiliated entities,<br><br>Plaintiff,<br><br>vs.<br><br>**HERITAGE CAPITAL MANAGEMENT, LLC**, a Nevada limited liability company, **COVENANT BANCORP, INC.**, a Nevada corporation, **COVENANT CAPITAL, LLC**, a Nevada limited liability company, **HERITAGE ORCAS PARTNERS, LP**, a Nevada limited partnership, **HERITAGE ORCAS VL PARTNERS, LP**, a Delaware limited partnership, **BOUNDARY BAY CAPITAL, LLC**, a California limited liability company, **COVENANT MANAGEMENT GROUP, LLC**, a California limited liability company, **HERITAGE CAPITAL PARTNERS, LP**, a California limited partnership, **HERITAGE INCOME PARTNERS, LP**, a California limited partnership, **APEX CAPITAL 1, LLC**, a Nevada limited liability company, **APEX CENTRAL, LLC**, a Nevada limited liability company,<br><br>Defendants. | **COMPLAINT**<br><br><br>Civil No. _____<br><br>Judge _____ |

1

Robert G. Wing (the "Receiver"), as Receiver for VesCor Capital Corp., VesCor Capital, Inc., VesCorp Capital, LLC, VesCorp Capital IV-A, LLC, VesCorp Capital IV-M, LLC, and all affiliated limited partnerships, corporations or other business entities (collectively referred to as "VesCor"), complains against Defendants as follows:

## STATEMENT OF THE CASE

1. Defendants invested millions of dollars with VesCor, and received transfers of assets from VesCor which constitute fraudulent transfers. In this action, the Receiver seeks to have this Court declare the acquisition of assets invalid and seeks to have the transfers returned to the estate.

## PARTIES, JURISDICTION AND VENUE

2. Robert G. Wing is the duly appointed Receiver of VesCor.

3. The Defendants in this action are herein referred to as "the Covenant Group":

   a. Upon information and belief, HERITAGE CAPITAL MANAGEMENT, LLC is a Nevada limited liability company, formed, managed or otherwise controlled by Jerry Smith ("Smith") and or David Lawlor ("Lawlor").

   b. Upon information and belief, COVENANT BANCORP, INC. is a Nevada corporation, formed, managed or otherwise controlled by Smith and or Lawlor.

c. Upon information and belief, COVENANT CAPITAL, LLC is a Nevada limited liability company, formed, managed or otherwise controlled by Smith and or Lawlor.

d. Upon information and belief, HERITAGE ORCAS PARTNERS, LP is a Nevada limited partnership, formed, managed or otherwise controlled by Smith and or Lawlor.

e. Upon information and belief, HERITAGE ORCAS VL PARTNERS, LP is a Delaware limited partnership, formed, managed or otherwise controlled by Smith and or Lawlor.

f. Upon information and belief, BOUNDARY BAY CAPITAL, LLC is a California limited liability company, formed, managed or otherwise controlled by Smith and or Lawlor.

g. Upon information and belief, COVENANT MANAGEMENT GROUP, LLC is a California limited liability company, formed, managed or otherwise controlled by Smith and or Lawlor.

h. Upon information and belief, HERITAGE CAPITAL PARTNERS, LP is a California limited partnership, formed, managed or otherwise controlled by Smith and or Lawlor.

i. Upon information and belief, HERITAGE INCOME PARTNERS, LP is a California limited partnership.

j. APEX CAPITAL 1, LLC is a Nevada limited liability company.

k. APEX CENTRAL, LLC is a Nevada limited liability company.

9.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. Section 1367 and 28 U.S.C. Section 754.

10. Venue is proper in this Court pursuant to 28 U.S.C. Section 754.

## FACTUAL PREDICATE

11. This action arises out of a Ponzi scheme. In or about 1990, Val Edmund Southwick ("Southwick") began and operated companies referred to collectively as "VesCor." VesCor raised capital primarily through the sale of securities to investors. VesCor told investors their money would be used to fund the development of commercial and industrial real estate. In fact, VesCor used most of the money it obtained from new investors to pay the debts owed to older investors, to pay commissions on the sale of investments to sales agents, to fund company operations, and to underwrite Southwick's lifestyle.

12. In 1992, VesCor was sanctioned by the Utah Department of Commerce, Division of Securities ("Division") in a Stipulation and Consent Order wherein the Division alleged VesCor had sold unregistered securities to investors in the State of Utah.

13. In 2002, VesCor was again sanctioned by the Division in a Stipulation and Consent Order, which alleged VesCor sold unregistered securities to investors in the State of Utah.

14. In 2004, VesCor agreed with the Division to discontinue offering securities for sale to Utah residents, and to cease making offers for the sale of securities from within the State of Utah to investors who resided outside the State. VesCor further agreed to pay its current investors their principal and accrued interest at the maturity date of their investments or at an earlier call date.

15. VesCor continued to sell unregistered securities in and from the State of Utah in violation of the Division's Orders and the 2004 agreement.

16. By 2006, Vescor had grown to a complex web of over 150 corporations and limited liability companies, registered in Utah and Nevada, and owned interests in commercial and industrial real estate in Nevada, Utah, Montana and California. On or about May 31, 2006 the VesCor Ponzi scheme collapsed when Southwick stopped paying monthly interest payments and principal redemptions to most investors.

17. On March 31, 2008, Southwick pleaded guilty to nine counts of securities fraud, each a felony in the second degree, in the Third District Court of Utah, and was later sentenced by Utah District Court Judge Robin Reese to serve nine consecutive 1-15 year prison terms, the maximum allowed by State law.

18. On February 6, 2008, the United States Securities and Exchange Commission ("SEC") filed suit against Southwick and five VesCor entities identified as issuers of promissory notes to investors alleging violations of the anti-fraud provisions of the securities laws.

19. On May 5, 2008, this Court appointed Robert G. Wing as Receiver for the VesCor companies.

20. The Covenant Group is comprised of entities which are controlled by Smith and Lawlor and which made investments with VesCor.

21. The Covenant Group, through Smith and Lawlor, acted as a sales broker or agent of VesCor.

22. The money invested by the Covenant Group was raised from investors and was pooled before being invested with VesCor entities.

23. VesCor records reveal the Covenant Group received transfers of substantial assets from VesCor, including cash payments, real property and other assets. Some payments made may have been for commissions.

24. The Covenant Group, through Smith and Lawlor, were "Platinum Investors" with VesCor, and received greater benefits than other investors, including profit and equity participation in the VesCor real estate projects and large loan discounts.

25. The Covenant Group had greater access to information and greater influence on VesCor and Southwick than other investors, and exercised this influence to obtain priority over other investors when VesCor distributed assets, particularly after VesCor had ceased making interest payments to investors in June, 2006.

## CLAIM FOR RELIEF
### (Fraudulent Transfers)

26. Plaintiff incorporates the preceding paragraphs and allegations of this Complaint by reference, as though fully set forth herein.

27. The Covenant Group invested with VesCor. The amounts they invested were raised, at least in part, from other investors. This money was pooled and then invested with VesCor entities and used in furtherance of a Ponzi scheme. The Covenant Group received transfers of assets from VesCor which constitute fraudulent transfers.

28. Because the transfers were made as part of a Ponzi scheme, these transfers were, by definition, made to hinder, delay or defraud creditors and/or investors of VesCor.

29. The transfers were made at a time when VesCor was insolvent, VesCor did not receive substantially equivalent value for the transfers, and the Defendants did not take the transfers in good faith.

WHEREFORE, Plaintiff prays as follows:

A. That the Plaintiff be awarded damages against the Defendants in an amount to be determined at trial, plus interest, costs and attorneys fees; and

B. For such other relief as the Court may allow.

DATED this 30th day of October, 2008.

PRINCE YEATES & GELDZAHLER

/s/ Sally B. McMinimee
Sally B. McMinimee
Attorneys for Receiver Robert G. Wing
